UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELIQUE N. WALLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | NO: 12-CV-0142-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment, ECF Nos. 14 and 18.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for January 31, 2014, is vacated and this matter is submitted without oral argument.

Angelique N. Wallin seeks judicial review of the Commissioner's final decision denying her Child Disability Benefits under Title II and Supplemental Security Income under Title XVI.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To be entitled to child's insurance benefits under Title II of the Social Security Act, a claimant over the age of 18 must establish, inter alia, a disability that began prior to the age of 22. *See* 20 C.F.R. § 404.350(a)(5). Thus, claimant must prove her disability began on or before her 22nd birthday.

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See Molina v. Astrue*, 674 F.3d at 1110; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to make an assessment of the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the most that the claimant can still do in a work setting despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Molina v. Astrue*, 674 F.3d at 1111; *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on June 18, 2008. Tr. 95-104. She alleged a disability onset date of June 27, 2003. Tr. 95, 97. Plaintiff was 14 years old on her alleged disability onset date. Id. Plaintiff's applications were denied initially and upon reconsideration. Tr. 56-62, 63-65. She requested a hearing by an administrative law judge (ALJ), Tr. 72-76, and on September 23, 2009, she appeared, accompanied by counsel and testified at the hearing. Tr. 26-51. Thereafter, the ALJ found Plaintiff was not disabled through March 2, 2010. Tr. 9-

22. Plaintiff requested review by the Appeals Council. Tr. 8. The Appeals Council denied review, Tr. 1-3, making the ALJ's decision the Commissioner's final decision subject to judicial review.

## ISSUES

Plaintiff raises two contentions for review: 1) whether the ALJ's residual functional capacity finding is supported by substantial evidence; and 2) whether the ALJ properly considered and properly rejected the opinions of W. Scott Mabee, Ph.D. and Dennis Pollack, Ph.D. This is a step five case in which Plaintiff challenges the ALJ's mental residual functional capacity used to determine whether there are jobs that exist in significant numbers in the national economy that the claimant can perform, given her limitations.

The Commissioner contends he supported the final decision in this matter with substantial evidence and it is free of any harmful legal error.

## DISCUSSION

**A. The ALJ's Residual Functional Capacity Assessment**

Plaintiff contends the ALJ's residual functional capacity finding is not supported by substantial evidence. Specifically, Plaintiff complains that Drs. Mabee and Pollack both opined, at Tr. 169, 344, that Plaintiff would have "several moderate, marked, and severe work-related limitations.[1] ECF No. 20 at 2.

---

[1] Plaintiff's physical residual functional capacity has not been disputed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

This argument presumes that Dr. Mabee's and Dr. Pollack's opinions were not properly discounted.  Otherwise, sufficient evidence in the record supports the ALJ's mental residual functional capacity finding.  Plaintiff's own statements support the ALJ's finding, indeed she acknowledged that her mood and mental stability significantly improved once she stopped her drug abuse.  Tr. 19.  Both Plaintiff's mother's assessment, Tr. 120-27, and her treating primary care provider's records, Tr. 275-336, do not support the alleged severity of Plaintiff's mental symptoms.  Moreover, two state agency medical consultants reviewed the records and opined Plaintiff could understand, remember, and carry out simple tasks and procedures not requiring significant periods of extended concentration, could interact with coworkers on task related activities and superficially with the public, and was able to make simple adaptation to change and travel. Tr. 247-64, 273.

Thus, the only real issue for this court to review is Plaintiff's second issue, i.e., whether the ALJ properly considered and properly rejected the opinions of W. Scott Mabee, Ph.D. and Dennis Pollack, Ph.D.  ECF No. 15 at 10-16.

**B. Discounting the Examining Physicians' Opinions**

Plaintiff contends that the ALJ made a boilerplate statement that Dr. Mabee's opinion was not consistent with the objective medical evidence, citing Tr. 19. ECF No. 20 at 2.  Plaintiff reasons that the ALJ did not properly reject Dr.

1  Mabee's opinion because this boilerplate statement does not achieve the level of

2  specificity required to reject an examining physician's opinion. *Id.* at 2-3.

3        On the contrary, the ALJ thoroughly considered Dr. Mabee's test findings

4  and opinion and provided detailed and specific reasons for discounting Dr.

5  Mabee's ultimate conclusion:

> The claimant was evaluated on February 14, 2008 by Victoria Carroll, MS [candidate], and W. Scott Mabee, Ph.D. (1F). During the evaluation, the claimant's speech was organized, logical, and coherent. No thought disorder was detected. The claimant was polite, cooperative, and made normal eye contact. Throughout the evaluation, her affect was unremarkable and her mood appeared somewhat anxious.
>
> \* \* \* \*
>
> On a formal test of mental status, she scored 30/30, which is in the normal range. She was unable to complete a task which required her to subtract 7 from 100 five times, but was able to successfully spell the word "world" forward and backwards. On the BDI, the claimant scored a 48, suggestive of a severe level of depression. However, it was noted that scores above 40 are generally reflective of an over-endorsing response style. It was found that the claimant's drug use likely had increased the claimant's depression. Drug treatment was highly recommended to help maintain her sobriety.
>
> \* \* \* \*
>
> The opinion of Ms. Carroll and Dr. Mabee is given little weight as it is not consistent with the objective medical evidence. The fairly benign mental status findings and the admissions from the claimant regarding her wide ranging activities of daily living and associated physical and mental capacities do not support a conclusion that she would have any significant difficulty functioning in a work environment. For example, the claimant stated to the evaluator that she felt comfortable managing her finances. She also stated that she went shopping by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

> herself to Value Village, etc. However, the claimant's testimony supports the evaluator's conclusion that drug abuse significantly contributed to work related limits prior to her clean and sober date. The fact that the claimant acknowledges significant improvement of mood and mental stability since stopping drug abuse supports the conclusion that she can perform work identified within the mental residual functional capacity listed above.

Tr. 18-19.

Plaintiff also contends that the ALJ stated that Dr. Pollack's opinion was not consistent with the objective medical evidence of record, citing Tr. 19. ECF No. 20 at 3. Plaintiff again reasons that the ALJ did not properly reject Dr. Pollack's opinion because this boilerplate statement does not achieve the level of specificity required to reject an examining physician's opinion. *Id.*

Once again, contrary to Plaintiff's simplistic argument that the ALJ did not consider Dr. Pollack's opinion and rejected it out of hand, the ALJ provided a thorough review and detailed reasons for her finding, all supported by specific references to the record:

> The claimant's attorney referred the claimant for an evaluation with Dennis R. Pollack, Ph.D. (11F). During the evaluation on August 29, 2009, Dr. Pollack noted that the claimant's answers were very short and while she was cooperative throughout the interview, she appeared bored as the testing proceeded. WAIS-III testing showed the claimant had a full scale IQ of 84, verbal IQ of 75, and performance IQ of 97.
>
> * * * *
>
> Dr. Pollack opined the claimant's GAF was 55 and that she had multiple moderate and marked functional limitations. Dr. Pollack's opinions in this regard have been carefully considered herein, but are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

    not found to be supported by the record as a whole or entitled to any significant evidentiary weight.  Dr. Pollack's opinions are not consistent with the objective medical evidence of record.  For example, the intellectual testing from his examination actually showed improved functioning from prior testing (see 1F).  In addition, he acknowledged that the claimant was possibly exaggerating her symptoms during the course of his evaluation.  The evidence supports a conclusion that the claimant has experienced significant improvement of her mental capacities since she stopped abusing substances.  This is also supported by her reported wide range of activities as discussed above.

Tr. 19-20.

    If the opinion of a treating or examining physician is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). On the other hand, in the case of a contradicted opinion, as we have here, "an ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 2005) (*quoting Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and test results); *accord Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician.  *Lester*, 81 F.3d at 831 (other contradictory evidence includes laboratory reports, medical reports, and claimant's testimony).  To the extent that an examining physician's opinions are based upon the claimant's subjective complaints, the ALJ may cite the unreliable nature of the claimant's complaints as a reason for rejecting the examining physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability [which is] premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotations and citation omitted).[2]

Here, the ALJ did not rely solely on the non-examining medical advisors' opinions in discounting the examining doctors' conclusions, but rather relied on an abundance of other evidence, including clinical tests, medical records from treating doctors, claimant's own testimony and third party evidence.

The Court determines that substantial evidence in the record supports the ALJ's decision which is free of harmful legal error.

---

[2] The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible."  This finding has not been challenged here.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

3. The hearing set for January 31, 2014, is **VACATED.**

The District Court Executive is hereby directed to file this Order, enter Judgment accordingly, furnish copies to counsel, and **CLOSE** this file.

**DATED** this 17th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13